IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>PATRICK L. GLENN,<br><br>      Debtor.<br><br>———————————————————<br><br>FRANCES GECKER, not individually,<br>but as Chapter 7 Trustee of<br>Patrick L. Glenn,<br><br>      Plaintiff-Appellee,<br><br>      v.<br><br>JAMES P. GIERCZYK,<br><br>      Defendant-Appellant. | On Appeal from the United<br>United States Bankruptcy<br>Court<br><br>Adversary No. 04 A 4493<br><br>Bankruptcy No. 02 B 4081<br><br>Bruce W. Black,<br>Bankruptcy Judge<br><br><br>No. 06 C 3565 |

## MEMORANDUM OPINION AND ORDER

James P. Gierczyk is a defendant in an adversary proceeding brought by Frances Gecker as Chapter 7 Trustee of the bankruptcy estate of Patrick L. Glenn. Gierczyk moves this court to allow an interlocutory appeal from an order of the United States Bankruptcy Court for the Northern District of Illinois entered on May 25, 2006.[1] The order struck Gierczyk's jury demand. The demand is

---

[1] Appellant also moves to file a reply in support of his request for an interlocutory appeal. The pertinent Bankruptcy Rule does not expressly provide for a reply, nor does it prohibit it. See Fed. R. Bankr. P. 8003(a). Leave to file the reply will be granted and the reply has been considered.

included in an amended answer to the Trustee's claims for an actual and constructive fraudulent transfer (Counts I and II), turn over of property of the Debtor's estate (Counts VI and VII), and willful violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(k)(1) (Count VIII).

The Trustee originally filed a five-count complaint on December 29, 2004, which included Counts I and II of the amended adversary complaint. Adversary defendant did not make a jury demand at the time. See Fed. R. Civ. 38 (made applicable by Fed. R. Bankr. P. 9015). On January 12, 2006, following a period of discovery, the Trustee filed an amended complaint seeking turnover of alleged property of the estate (Counts VI and VII), and also alleged a violation of the automatic stay (Count VIII). The Trustee later voluntarily dismissed Counts III, IV and V. On February 23, 2006, adversary defendant filed his amended answer, wherein he first asserted a jury demand. He also sought a right of contribution and repayment from the debtor's interest in certain property, a right of setoff against other property, and retroactive annulment of the automatic stay with respect to the disposition of other property.

The Bankruptcy Court granted the motion of the Trustee to strike adversary defendant's jury demand. See In re Glenn,

2006 WL 1749642 (Bankr. N.D. Ill. May 24, 2006). With respect to Counts I and II, it found no factor supporting the exercise of its discretion in favor of allowing an untimely demand to be filed. Id. At *8-9. It held that Counts VI and VII, the Trustee's turnover claims, are core proceedings pursuant to 11 U.S.C. § 542, which are routinely held to be equitable matters that do not entitle a litigant to a jury trial. Id. at *4-8. Lastly, the Bankruptcy Court ruled that adversary defendant is not entitled to a jury trial on the Trustee's claim for willful violation of the automatic stay (Count VIII) because the claim asserted "public rights" as that term is used in Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 51 n.8 (1989). Glenn, 2006 WL 1749642 at *1-4. Based on its rulings the Bankruptcy Court did not reach the Trustee's additional argument that adversary defendant waived any right to a jury trial by seeking relief from the debtor's estate.

Leave to appeal an interlocutory order will not be granted absent exceptional circumstances. Judicial policy discourages piecemeal litigation and the time and expense involved in such proceedings. This rule is especially applicable in bankruptcy proceedings wherein every effort is to be made to avoid expense and delay. See In re Pullman Construction Industries, Inc., 143 B.R. 497, 498 (N.D. Ill. 1992); In re National Steel Corp., 2005

WL 2171169 *3 (N.D. Ill. Aug. 31, 2005); <u>In re Kmart Corp.</u>, 2004 WL 2222265 *1 (N.D. Ill. Oct. 1, 2004); <u>Trustee of Jartran, Inc. v. Winston & Strawn</u>, 208 B.R. 898, 902 (N.D. Ill. 1997); <u>In re Wieboldt Stores, Inc.</u>, 68 B.R. 578, 580 (N.D. Ill. 1986).

Discretion to hear appeals from interlocutory bankruptcy court orders is granted in 28 U.S.C. § 158(a). The test set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from the district court to a court of appeals is the standard applied to interlocutory appeals from a bankruptcy court. <u>Kmart</u>, 2004 WL 2222265 at *1; <u>In re OBT Partners</u>, 218 B.R. 418, 419-20 (N.D. Ill. 1998). Accordingly, an interlocutory appeal is allowed when it (1) presents a controlling question of law; (2) concerning which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); <u>In re Ford Motor Co., Bridgestone/Firestone North American, LLC</u>, 344 F.3d 648, 653 (7th Cir. 2003); <u>Ahrenholz v. Board of Trustees of University of Ill.</u>, 219 F.3d 674, 675 (7th Cir. 2000).

Authorities in this circuit generally have not found the striking of a jury demand, as such, to warrant an interlocutory appeal. <u>See</u> <u>Pratt v. Hometown Finance, Inc.</u>, 2002 WL 1046702 *1 (S.D. Ind. May 14, 2002); <u>S.N.A. Nut Co. v. Haagen Dazs-Dazs</u>

Co., 1998 WL 295510 *2 (N.D. Ill. May 20, 1998); Telesphere Liquidating Trust v. Haan, 1996 WL 617415 *6 (N.D. Ill. Oct. 24, 1996).

Further, the Bankruptcy Court's reasons for striking the jury demand do not indicate that adversary defendant presents controlling questions about which there are substantial bases for differences of opinion.

The striking of the jury demand with respect to Counts I and II only raises the questions of whether the demand was timely and the judge properly exercised discretion. After carefully considering whether the issues are appropriately tried by a jury, the court's schedule, prejudice to the adverse party, and the reason for the moving party's delay, the judge exercised his discretion by denying the late demand.

Counts VI and VII seek turnover of alleged assets of the estate pursuant to 11 U.S.C. § 542, which is a core proceeding under 28 U.S.C. § 157(b)(2)(E). These actions are uniformly held to be equitable and do not give rise to a jury trial. See Walker v. Weese, 286 B.R. 294 (D. Md. 2002); In re Blinder, Robinson & Co., 146 B.R. 28, 30 (D. Colo. 1992); In re Ackhoff, 252 B.R. 396, 398 (Bankr. E.D. Mich. 2000); In re Warmus, 252 B.R. 584, 586-87 (Bankr. S.D. Fla. 2000), aff'd, 276 B.R. 688 (S.D. Fla. 2002).

Adversary defendant, however, argues that the property -- dissolved assets of an Illinois corporation -- being sought by the Trustee is not equitable under Illinois law. Relying on In re Lipuma, 167 B.R. 522 (Bankr. N.D. Ill. 1994), which was cited with approval by the Seventh Circuit in In re Hancock, 192 F.3d 1083, 1086 (7th Cir. 1999), the Bankruptcy Court found that the debtor's estate has an interest in the assets of dissolved Illinois corporations in which the debtor had a stock interest. Glenn, 2006 WL 1749642 at *5. Adversary defendant does not present any persuasive argument for a substantial disagreement concerning the nature of the estate interest so as to defeat a turnover action or establish that the interest is not a proper target for turnover proceedings.

In Count VIII, the Trustee alleges a claim for violation of the automatic stay provisions. Relying on Nordberg, 492 U.S. at 51-53, the court noted that an action for violation of 11 U.S.C. § 362(k)(1) creates a cause of action unknown at common law. The Supreme Court has held, in Nordberg, that Congress may create new statutory causes of action and deny jury trials in cases where "public rights" are litigated. See Glenn, 2006 WL 17949642 at *2-4. A claim of violation of the automatic stay easily fits a "public rights" definition. Although only two cases are cited which have considered the question, both hold that there

is no right to a jury trial on such claims. In re Gordon, 209 B.R. 414, 416-17 (Bankr. N.D. Miss. 1997); Periera v. Chapman, 92 B.R. 903, 908 (C.D. Cal. 1988). There is no basis for a substantial disagreement with the Bankruptcy Court's ruling on this issue.

The Trustee argues that by seeking affirmative relief from the estate, adversary defendant has in fact waived any possible right to a jury trial on any of the claims. See Motion to Strike Jury Demand ¶ 32 (citing In re Iridium Operating LLC, 285 B.R. 822, 831-34 (S.D.N.Y. 2002); In re Atlantic International Mortgage Co., 334 B.R. 719, 721 (Bankr. M.D. Fla. 2005); In re Commercial Financial Services, Inc., 251 B.R. 397, 406-08 (Bankr. N.D. Okla. 2000)). The Bankruptcy Court did not reach this issue, the only present significance of which is that all of the issues with respect to the claimed right to a jury trial would not be before this court if an appeal is allowed. Resolution of an appeal from the Bankruptcy Court's order would not significantly advance the course of this litigation.

For all the foregoing reasons this court concludes that an interlocutory appeal should not be granted.

IT IS THEREFORE ORDERED that adversary defendant's motion for leave to file reply brief [3] is granted. Adversary defendant's motion for leave to appeal is denied. The Clerk of

the court is directed to enter judgment in favor of appellee and against appellant (a) denying the motion of adversary defendant James P. Gierczyk for leave to appeal from the Order granting a motion to strike a jury demand entered on May 25, 2006 by the United States Bankruptcy Court for the Northern District of Illinois and (b) dismissing this appeal without prejudice.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 3, 2006